Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

*Attorneys for Proposed Intervenor Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ABSOLUTE BUSINESS SOLUTIONS, INC.,
Plaintiff,

vs.

MORTGAGE ELECTRONIC REGISTRATION SYSTEM; BANK OF AMERICA, N.A.; IRMA MENDEZ; DOES 1-25, inclusive; and ROE CORPORATIONS I-X, inclusive,
Defendants.

ALESSI & KOENIG, LLC,
Plaintiff in Intervention,

vs.

JAMES M. McCORD; CROSSBOX; FEDERAL NATIONAL MORTGAGE ASSOC.; DOE INDIVIDUALS I-X; and ROE CORPORATIONS I-X, inclusive,
Defendants in Intervention.

CASE NO. 2:15-cv-01325-JCM-CWH

**STIPULATION TO ENTRY OF ORDER AND [PROPOSED] ORDER PERMITTING FEDERAL HOUSING FINANCE AGENCY TO INTERVENE AS CONSERVATOR OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION**

1. The Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for Intervenor-Defendant Federal National Mortgage Association ("Fannie Mae"), seeks to intervene in the above-captioned action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

2. On September 6, 2008, FHFA's Director appointed the FHFA Conservator of Fannie Mae and the Federal Home Loan Mortgage Corporation in accordance with the Housing and Economic Recovery Act of 2008, Pub. L. 110-289, 122 Stat. 2654 (codified at 12 U.S.C.

§ 4617) ("HERA"), and the Federal Housing Enterprises Financial Safety and Soundness Act of 1992 (12 U.S.C. § 4501, et. seq.).

3. The FHFA, as Conservator, has succeeded to "all rights, titles, powers, and privileges" of Fannie Mae, including its right to sue and be sued in the federal courts. *See* 12 U.S.C. § 4617(b)(2)(A)(i).

4. Accordingly, FHFA asserts that it has an unconditional federal statutory right to intervene in this matter, *see* Fed. R. Civ. P. 24(a)(1), and to assert its interests in a manner consistent with the Conservator's powers and duties.

5. Pursuant to Fed. R. Civ. P. 24(c), FHFA attaches as **Exhibit A** its intended Answer.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

**STIPULATION**

FHFA, Plaintiff/Counter-defendant Absolute Business, Inc., Defendants Mortgage Electronic Registration System and Bank of America, N.A., Intervenor-Plaintiff Alessi & Koenig, LLC, Intervenor/Defendant/Counterclaimant Federal National Mortgage Association, through their attorneys of record, hereby stipulate and request that the Court make this stipulation an order of the Court:

The FHFA shall be permitted to intervene in the above-referenced action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

DATED this 21st day of September, 2015.

**KANG & ASSOCIATES, PLLC**

By: /s/ Erica D. Loyd
Erica D. Loyd, Esq.
Patrick W. Kang, Esq.
6480 W. Spring Mountain Rd., Suite 1
Las Vegas, NV 89146
Tel: 702-333-4223 Fax: 702-507-1468
eloyd@acelawgroup.com
pkang@acelawgroup.com

*Attorneys for Plaintiff/Counterdefendant Absolute Business, Inc.*

**FENNEMORE CRAIG, P.C.**

By: /s/ Leslie Bryan Hart
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

*Attorneys for Proposed Intervenor Federal Housing Financing Agency*

**AKERMAN LLP**

By: /s/ Darren T. Brenner
Darren T. Brenner, Esq. (SBN 8386)
Tenesa S. Scaturro, Esq. (SBN 12488)
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Tel: (702) 634-5000 Fax: (702) 380-8572
darren.brenner@akerman.com
tenesa.scaturro@akerman.com

*Attorneys for Defendants MERS; and Bank of America, N.A.*

**ALESSI & KOENIG, LLC**

By: /s/ Steven T. Loizzi
Steven T. Loizzi, Jr., Esq. (SBN 10920)
Huong X Lam, Esq. (SBN 10916)
9500 West Flamingo Road, Suite 205
Las Vegas, Nevada 89147
Tel: 702-222-4033 Fax: 702-222-4043
mike@alessikoenig.com

*Attorneys for Intervenor Plaintiff Alessi & Koenig, LLC*

**WRIGHT, FINLAY & ZAK, LLP**

By: /s/ Dana Jonathon Nitz
Dana Jonathon Nitz, Esq. (SBN 00050)
Chelsea Crowton (SBN 11547)
5532 South Fort Apache Rd., Suite 110
Las Vegas, NV 89148
Tel: 702-475-7964 Fax 702-946-1345
dnitz@wrightlegal.net
ccrowton@wrightlegal.net

*Attorney for Intervenor Defendant/Counter claimant Federal National Mortgage Association*

**ORDER**

IT IS SO ORDERED. The Federal Housing Agency shall file its answer on the record **no later than September 30, 2015**.

United States Magistrate Judge

DATED: September 23, 2015

# Exhibit A

Exhibit A

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

*Attorneys for Intervenor Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ABSOLUTE BUSINESS SOLUTIONS, INC.,

Plaintiff,

vs.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA, N.A., as Successor by Merger to BAC Home Loans Servicing LP; IRMA MENDEZ; DOES 1-25, inclusive; and ROE CORPORATIONS I-X, inclusive,

Defendants.

and

FEDERAL HOUSING FINANCE AGENCY, as Conservator for the Federal National Mortgage Association,

Intervenor.

ALESSI & KOENIG, LLC,

Plaintiff in Intervention,

vs.

JAMES M. McCORD; CROSSBOX; FEDERAL NATIONAL MORTGAGE ASSOC.; DOE INDIVIDUALS I-X; and ROE CORPORATIONS I-X, inclusive,

Defendants in Intervention.

CASE NO. 2:15-cv-01325-JCM-CWH

**[PROPOSED]**

**ANSWER AND COUNTERCLAIMS BY INTERVENOR THE FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION**

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Counterclaimant,

and

FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Assoc.,

Intervenor,

vs.

ABSOLUTE BUSINESS SOLUTIONS, INC,

Counter-defendant.

Simultaneously with this Answer, the Federal Housing Finance Agency ("FHFA"), in its capacity as Conservator for the Federal National Mortgage Association ("Fannie Mae"), is filing a stipulation jointly with Plaintiff/Counter-defendant Absolute Business Solutions, Inc. ("Absolute Business Solutions" or "Plaintiff"), Defendants Mortgage Electronic Registration System ("MERS") and Bank of America, N.A. ("BofA"), Intervenor-Plaintiff Alessi & Koenig, LLC ("Alessi") and Intervenor/Defendant/Counterclaimant Federal National Mortgage Association to permit FHFA's intervention as a defendant in this case pursuant to Federal Rule of Civil Procedure 24. In accordance with Rule 24(c), FHFA submits this Answer to respond as follows to the Amended Complaint filed by Plaintiff on March 17, 2014.

**PARTIES**

1. FHFA admits that a Trustee's Deed Upon Sale was recorded in the Official Records of the Clark County Recorder on March 3, 2014 as Book and Instrument Number 20140303-0003787, stating that Absolute Business Solutions was the purported buyer at a trustee's sale of real property located at 3416 Casa Alto Avenue, North Las Vegas, NV 89031 (the "Property"), and that this recording speaks for itself. FHFA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph 1 of the Complaint.

2. FHFA admits the allegations within Paragraph 2 of the Complaint.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

3. FHFA admits the allegations of Paragraph 3 of the Complaint.

4. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 4 of the Complaint.

5. FHFA is without knowledge or information sufficient to form a belief as to Fannie Mae the truth of the allegations within Paragraph 5 of the Complaint.

**VENUE AND JURISDICTION**

6. FHFA admits that venue is proper in this Court.

7. FHFA admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441.

8. FHFA admits the allegations within Paragraph 8 of the Complaint.

**GENERAL ALLEGATIONS**

1. FHFA admits that a Trustee's Deed Upon Sale was recorded in the Official Records of the Clark County Recorder on March 3, 2014 as Book and Instrument Number 20140303-0003787 (the "Trustee's Deed Upon Sale"), stating that Absolute Business Solutions was the purported buyer of the Property at a trustee's sale held on February 26, 2014, and that this recording speaks for its itself. FHFA denies the remaining allegations within Renumbered Paragraph 1 of the Complaint.[1]

2. FHFA admits that the Trustee's Deed Upon Sale states that Absolute Business Solutions was the purported buyer of the Property at a trustee's sale held on February 26, 2014, and that this recording otherwise speaks for itself.

3. FHFA admits that the Trustee's Deed Upon Sale states that Fiesta Del Norte Homeowners Association (the "HOA") was the foreclosing beneficiary, that the sale price is listed as $20,600.00, that the "amount of unpaid debt together with costs" is listed as $4,954.97, and that this recording otherwise speaks for itself.

[1] Following Paragraphs 1-8 on pages 1-2 of the Complaint, the first paragraph on page 3 of the Complaint is labeled "Paragraph 1." FHFA refers to this second Paragraph 1 as "Renumbered Paragraph 1." Subsequent paragraphs in the Complaint, which are labeled consecutively beginning with Renumbered Paragraph 1, also bear the "renumbered" designation.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

4. FHFA denies the allegations concerning Fannie Mae within Renumbered Paragraph 4 of the Complaint. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Renumbered Paragraph 4 of the Complaint that concern defendants other than Fannie Mae.

5. FHFA denies the allegations concerning Fannie Mae within Renumbered Paragraph 5 of the Complaint. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Renumbered Paragraph 5 of the Complaint that concern defendants other than Fannie Mae.

6. FHFA denies the allegations concerning Fannie Mae within Renumbered Paragraph 6 of the Complaint. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Renumbered Paragraph 6 of the Complaint that concern defendants other than Fannie Mae.

7. FHFA denies the allegations concerning Fannie Mae within Renumbered Paragraph 7 of the Complaint. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Renumbered Paragraph 7 of the Complaint that concern defendants other than Fannie Mae.

8. FHFA admits that Fannie Mae had, and continues to have, an interest in the Property.

9. FHFA denies the allegations within Renumbered Paragraph 9 of the Complaint.

10. Renumbered Paragraph 10 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, denied.

11. Renumbered Paragraph 11 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, denied.

12. Renumbered Paragraph 12 of the Complaint states claims for relief that do not require a response. To the extent a response is required, denied.

13. FHFA admits that Fannie Mae had, and continues to have, an interest in the Property.

14. FHFA denies the allegations within Renumbered Paragraph 14 of the Complaint.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

15. Renumbered Paragraph 15 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, denied.

16. FHFA denies the allegations within Renumbered Paragraph 16 of the Complaint.

17. Renumbered Paragraph 17 of the Complaint states claims for relief that do not require a response. To the extent a response is required, denied.

**FIRST CLAIM FOR RELIEF**
**(Quiet Title)**

18. FHFA repeats its responses to Paragraphs 1-8 and Renumbered Paragraphs 1-17 as if fully stated herein.

19. FHFA denies that Plaintiff owns the Property free and clear of any other interest and is without knowledge or information sufficient to form a belief as to the truth of the allegations within Renumbered Paragraph 19 of the Complaint.

20. FHFA denies the allegations within Renumbered Paragraph 20 of the Complaint.

21. Renumbered Paragraph 21 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, denied.

22. Renumbered Paragraph 22 of the Complaint states claims for relief that do not require a response. To the extent a response is required, denied.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief)**

23. FHFA repeats its responses to Paragraphs 1-8 and Renumbered Paragraphs 1-22 as if fully stated herein.

24. Renumbered Paragraph 24 of the Complaint states a claim for relief that does not require a response. To the extent a response is required, denied.

**THIRD CLAIM FOR RELIEF**
**(Preliminary Injunction)**

25. FHFA repeats its responses to Paragraphs 1-8 and Renumbered Paragraphs 1-24 as if fully stated herein.

26. Renumbered Paragraph 26 of the Complaint states a claim for relief that does not require a response. To the extent a response is required, denied.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

27. FHFA admits that Fannie Mae had, and continues to have, an interest in the Property. Renumbered Paragraph 27 of the Complaint also states legal conclusions that do not require a response. To the extent a response is required, denied.

28. Renumbered Paragraph 28 of the Complaint states legal conclusions and claims for relief that do not require a response. To the extent a response is required, denied.

29. Renumbered Paragraph 29 of the Complaint states legal conclusions and claims for relief that do not require a response. To the extent a response is required, denied.

30. Renumbered Paragraph 30 of the Complaint states legal conclusions and claims for relief that do not require a response. To the extent a response is required, denied.

31. Renumbered Paragraph 29 of the Complaint states claims for relief that do not require a response. To the extent a response is required, denied.

## AFFIRMATIVE DEFENSES

FHFA's investigation of these claims is continuing. By this Answer, FHFA waives no affirmative defenses and reserves its right to amend the Answer to insert any subsequently discovered affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted because, among other reasons, Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an homeowners' association sale from extinguishing Fannie Mae's interest in the Property and preempts any state law to the contrary.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, unjust enrichment, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of one or more third parties over whom neither FHFA nor Fannie Mae had control.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has an adequate remedy at law and has, through its own acts and/or omissions, failed to mitigate its damages, the existence of which are denied.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to join one or more indispensable parties.

**SEVENTH AFFIRMATIVE DEFENSE**

Fannie Mae breached no duty with regard to Plaintiff.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment versus Plaintiff)**

1. FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

2. Pursuant to 28 U.S.C. § 2201, this Court has the power and authority to declare FHFA and Fannie Mae's rights and interests in the Property.

3. FHFA is an agency of the federal government of the United States of America and is also the Conservator for Fannie Mae.

4. The Conservator has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

///

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

5. During the Conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

6. At the time of the foreclosure sale, the Deed of Trust was a first secured interest on the Property as intended by NRS 116.3116(2)(b).

7. Fannie Mae's interest at issue is property of the Conservator. Therefore, applying NRS Chapter 116 or other state law in a manner that extinguishes Fannie Mae's interest in the Property would violate 12 U.S.C. § 4617(j)(3).

8. 12 U.S.C. § 4617(j)(3) preempts any state law that would permit a foreclosure on a superpriority lien to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship.

9. At no time did Plaintiff, the HOA, Alessi & Koenig, LLC, or any other person or entity obtain consent from FHFA to extinguish the Deed of Trust or otherwise extinguish Fannie Mae's interest.

10. Pursuant to 12 U.S.C. § 4617(j)(3), the foreclosure sale conducted by the HOA could not extinguish Fannie Mae's interest in the Property.

11. FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that 12 U.S.C. § 4617(j)(3) precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in the Property.

**SECOND CAUSE OF ACTION**

**(Quiet Title versus Plaintiff)**

12. FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

13. Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and authority to resolve the parties' adverse claims in the Property.

14. At the time of the foreclosure sale, the Deed of Trust was a first secured interest on the Property as intended by NRS 116.3116(2)(b).

///

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

15. FHFA, as Fannie Mae's conservator, has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

16. Plaintiff claims an interest in the Property through its purported purchase of the Property at an HOA foreclosure sale conducted on February 26, 2014, and claims that the foreclosure sale extinguished the Deed of Trust.

17. Pursuant to 12 U.S.C. § 4617(j)(3), "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]."

18. Based on the adverse claims being asserted by the parties, FHFA and Fannie Mae are entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

19. FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that the HOA Sale did not extinguish Fannie Mae's interest in the Property.

20. FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010 that Fannie Mae's interest in the Property is superior to the interest, if any, acquired by Plaintiff through the foreclosure deed.

**PRAYER FOR RELIEF**

WHEREFORE, FHFA prays for the following relief:

1. That Plaintiff take nothing by way of its Complaint;
2. That the Court declare that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a superpriority lien to extinguish Fannie Mae's interest while it is under FHFA's conservatorship;
3. That the Court declare that the HOA sale did not extinguish Fannie Mae's interest in the Property and thus did not convey the Property free and clear to Plaintiff;
4. That the Court declare that Fannie Mae's property interest is superior to the interest, if any, of Plaintiff;
5. That Plaintiff's claim for injunctive relief be denied;

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

6. That FHFA be awarded reasonable attorneys' fees and costs; and

7. That FHFA receive such other relief as the Court deems just and proper.

DATED this ___ day of September, 2015.

**FENNEMORE CRAIG, P.C.**

By: ______________________________

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

*Attorneys for Intervenor Federal Housing Financing Agency*