Dana Jonathon Nitz, Esq. (SBN 0050)
Chelsea A. Crowton, Esq. (SBN 11547)
WRIGHT, FINLAY & ZAK, LLP
7785 W. Sahara Avenue, Suite 200
Las Vegas, Nevada 89117
Tel:  702-475-7964 Fax:  702-946-1245
dnitz@wrightlegal.net; ccrowton@wrightlegal.net
*Attorneys for Federal National Mortgage Association*

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

*Attorneys for Intervenor Federal Housing Finance Agency*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ABSOLUTE BUSINESS SOLUTIONS, INC., <br>             Plaintiff, <br> vs. <br> MORTGAGE ELECTRONIC REGISTRATION SYSTEM; BANK OF AMERICA, N.A.; IRMA MENDEZ; DOES 1-25, inclusive; and ROE CORPORATIONS I-X, inclusive, <br>             Defendants. | CASE NO.  2:15-cv-01325-JCM-CWH <br><br> **FEDERAL NATIONAL MORTGAGE ASSOCIATION AND FEDERAL HOUSING FINANCE AGENCY'S MOTION TO STAY DISCOVERY** |
| ALESSI & KOENIG, LLC, <br>            Plaintiff in Intervention, <br> vs. <br> JAMES M. McCORD; CROSSBOX; FEDERAL NATIONAL MORTGAGE ASSOC.; DOE INDIVIDUALS I-X; and ROE CORPORATIONS I-X, inclusive, <br>            Defendants in Intervention. | |

**I.     INTRODUCTION**

Defendant/Counter-Plaintiff Federal National Mortgage Association ("Fannie Mae") and Intervenor Federal Housing Finance Agency, as Conservator of Fannie Mae ("FHFA," or the "Conservator"), respectfully move this Court for a stay of discovery pursuant to Fed. R. Civ. P.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10967352.1

26.     Plaintiff/Counter-Defendant Absolute Business Solutions, Inc. consents to a stay of discovery. Counsel for the other parties have not yet taken a position on this Motion.

Discovery in this matter should be stayed pending resolution of Fannie Mae's and FHFA's contemporaneously filed Motion to Consolidate this action with a defendants' class action that Fannie Mae, FHFA, and the Federal Home Loan Mortgage Corporation ("Freddie Mac," and with Fannie Mae, the "Enterprises") have filed in this District (the "Putative Class Action"). The purpose of the consolidation motion, and of similar motions filed or to be filed in at least five related actions, is to facilitate the efficient management of a growing number of related cases that, despite minor, non-dispositive factual differences, all turn on the same dispositive legal issue: whether a homeowner's association foreclosure sale conducted under Nev. Rev. Stat. § 116.3116(2) ("HOA Sale") may extinguish the Enterprises' property interests. The Enterprises and FHFA argue, and numerous decision in this District confirm, that 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") precludes an HOA Sale from extinguishing the Enterprises' property interests and preempts any contrary state law.

As described in the Motion to Consolidate, the interests of efficiency and judicial economy would be served by consolidation of this action with the Putative Class Action. The efficiencies to this Court and to the parties would be diminished if the parties were required to pursue discovery while the Motion to Consolidate is pending. Accordingly, a stay of discovery would advance the purposes underlying the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 1, and therefore be appropriate here.

**II.    BACKGROUND[1]**

On March 17, 2014, Plaintiff filed this action for quiet title and declaratory relief, arguing that the HOA Sale extinguished all junior liens and encumbrances, including the Deed of Trust. On July 13, 2015, Fannie Mae removed this action to federal court. (Dkt. 1.) On September 21, 2015, FHFA filed a stipulated motion to intervene as Conservator of Fannie Mae. (Dkt. 15.) On September 22, 2015, FHFA supplemented the stipulated motion to add that Irma Mendez, the

---

[1]     FHFA and Fannie Mae refer the Court to the factual description of this case in their concurrently filed Motion to Consolidate.

10967352.1

borrower, consented to the motion to intervene. (Dkt. 16.) The stipulated motion to intervene was granted on September 30, 2015. (Dkt. 17.) Fannie Mae and FHFA asserted defenses and counterclaims based on, among other things, the argument that the Federal Foreclosure Bar preempts the State Foreclosure Statute and therefore prevents the extinguishment of the Deed of Trust. (Dkt. 10, 15-1.)

To date, no party has filed a dispositive motion. FHFA and Fannie Mae have filed a Motion to Consolidate this case with the Putative Class Action concurrently with this motion.

## III.   ARGUMENT

### A.   Legal Standard Governing Motions to Stay Discovery

District courts have "wide discretion in controlling discovery." *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Yung Lo v. Golden Gaming*, No. 2:12-CV-01885-JAD-CWH, 2014 WL 794205, at *1 (D. Nev. Feb. 26, 2014) ("Courts have broad discretionary power to control discovery.") "In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending" courts "consider[] the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Id.* at *3 (quoting Fed. R. Civ. P. 1). Courts accordingly ask "whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case." *Id.*

Courts thus may limit discovery "upon a showing of good cause or where 'justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Aguirre v. S. Nevada Health Dist.*, No. 2:13-CV-01409-LDG-CWH, 2013 WL 6865710, at *2 (D. Nev. Dec. 30, 2013) (quoting *Wagh v. Metris Direct, Inc.,* 363 F.3d 821, 829 (9th Cir. 2003)). A stay of discovery also may be appropriate to "further the goals of judicial economy and control of the Court's docket," *id.*, or to "reduce costs and increase efficiency," *Johnson v. Cheryl*, No. 2:11-CV-00291-JCM-CWH, 2013 WL 129383, at *4 (D.

10967352.1

3

Nev. 2013). When a pending motion raises a threshold legal issue that "do[es] not require further discovery and [is] potentially dispositive of the entire case," this Court has not hesitated to approve a stay of discovery. *Yung Lo*, 2014 WL 794205, at *3; *Aguirre*, 2013 WL 6865710, at *2; *Thrash v. Towbin Motor Cars*, No. 2:13-CV-01216-MMD-CWH, 2013 WL 5969829, at *2 (D. Nev. Nov. 7, 2013); *Kidneigh v. Tournament One Corp.*, No. 2:12-CV-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013).

  **B.** **A Stay of Discovery Pending Resolution of the Motion to Consolidate Would Further the Interests of Judicial Economy and Conservation of Party Resources**

A stay of discovery is appropriate in this case. Consolidating the instant case with the Putative Class Action and other similarly situated, related cases for briefing and argument of a potentially dispositive summary judgment motion based on the preemptive effect of the Federal Foreclosure Bar would avoid duplicative effort by the parties and advance judicial efficiency. FHFA and/or Fannie Mae are parties to more than 30 similar cases. Consolidation with the Putative Class Action would reduce the costs and burden of piecemeal litigation and further the Conservator's goal to "preserve and conserve the assets and property" of the Enterprises. 12 U.S.C. § 4617(b)(2)(B)(iv).

While consolidation would reduce the time spent and costs incurred in litigating the same dispositive issue in a growing number of cases and facilitate the conservation of taxpayer funds that support FHFA and the Enterprises in conservatorship, such efficiencies would be diminished without a stay of discovery until the Motion to Consolidate is resolved by this Court. Although FHFA and Fannie Mae believe the dispositive issue can be resolved without the need for any discovery, whether discovery is necessary should be decided by the court that will ultimately hear the substantive claims in this action. Thus, launching into discovery before the Motion to Consolidate is resolved could put this case into a different posture from other cases for which consolidation will be sought, and could therefore create more complex and inefficient coordination problems for the parties and the court that will ultimately hear any cases that are consolidated.

///

10967352.1

4

Plaintiff may argue that this case features some factual difference, such as the recordation status of the Enterprise's interest, which should prevent the case from being consolidated and/or which require discovery. Not so. In all of the related cases the dispositive legal issue is identical, and under Nevada law, the Enterprise owned the relevant note and deed of trust. Any subtle differences in the underlying facts are immaterial to the resolution of that issue. Indeed, despite certain factual differences regarding the assignment and recordation of the relevant deeds of trust, eight recent decisions in this District have resolved dispositive motions on this same issue in favor of FHFA and the Enterprises.[2]

As discussed in the Motion to Consolidate, any argument concerning whether or when the Deed of Trust was assigned to Fannie Mae is immaterial in light of (1) Nevada law, which follows the Restatement approach as recently clarified by the Nevada Supreme Court in *In re Montierth*, 354 P.3d 648 (Nev. 2015), and (2) the publicly accessible servicing guidelines of Fannie Mae and Freddie Mac that govern their relationships with their servicers.[3] As FHFA and

---

[2] *See Skylights v. Byron*, No. 2:15-cv-0043-GMN-VCF, 2015 WL 3887061 (D. Nev. June 24, 2015); *Elmer v. Freddie Mac.*, No. 2:14-cv-01999-GMN-NJK, 2015 WL 4393051 (D. Nev. July 13, 2015); *Premier One Holdings, Inc. v. Fannie Mae*, No. 2:14-cv-02128-GMN-NJK, 2015 WL 4276169 (D. Nev. July 13, 2015); *Williston Investment Grp., LLC v. JP Morgan Chase Bank, NA*, No. 2:14-cv-02038-GMN-PAL, 2015 WL 4276144 (D. Nev. July 13, 2015); *My Global Village, LLC v. Fannie Mae*, No. 2:15-cv-00211-RCJ-NJK, 2015 WL 4523501 (D. Nev. July 27, 2015); *1597 Ashfield Valley Trust v. Fannie Mae*, No. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220 (D. Nev. July 28, 2015); *Fannie Mae v. SFR Investments Pool 1, LLC*, No. 2:14-CV0-02046-JAD-PAL, 2015 WL 5723647 (D. Nev. Sept. 28, 2015); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015).

[3] For this reason, two recent decisions from this District are not probative of whether a stay is appropriate in the instant case. In *Eldorado*, Judge Dorsey granted a motion to dismiss, relying on briefing concluded prior to the Nevada Supreme Court's decision in *Montierth*, and granted FHFA and Freddie Mac leave to amend their pleadings to explain more fully Freddie Mac's property interest. *See Nationstar Mortg., LLC v. Eldorado Neighborhood Second Homeowners Ass'n*, No. 2:15-CV-00064-JAD-PAL, 2015 WL 5692081, at *4 (D. Nev. Sept. 28, 2015). FHFA and Freddie Mac since have filed an amended complaint that explains that under *Montierth*, Freddie Mac owns the Deed of Trust though its loan servicer acted as beneficiary of record. *See* Amend. Compl., *Eldorado*, No. 2:15-CV-00064-JAD-PAL (filed Oct. 8, 2015) (ECF 38). The amended complaint also references Freddie Mac's Servicing Guide, which details Freddie Mac's relationship with its servicers and its ownership over deeds of trust. *See id.* In *Dansker*, the court did not have the benefit of opposition or reply briefing from the parties and relied entirely on the interpretation of Nevada law that the Nevada Supreme Court rejected in *Montierth*. *See LN Mgmt., LLC Series 5664 Divot v. Dansker*, No. 2:13-CV-01420-RCJ-GWF, 2015 WL 5708799, at *3 (D. Nev. Sept. 29, 2015). FHFA and Fannie Mae intend to file a motion for reconsideration of that decision.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10967352.1

5

Fannie Mae have explained in their Motion to Consolidate, these issues can and should be resolved without discovery; in any event, because they go to the merits of the case rather than merely to consolidation, they provide no reason for any discovery to take place before the Motion to Consolidate is resolved.

FHFA and Fannie Mae do not seek this stay pending the resolution of a dispositive motion, as none is currently pending, but the basis for the request is similar.  Absent consolidation, FHFA and Fannie Mae would file a summary judgment motion in this action that would be essentially identical to the summary judgment motions already filed in the other related cases and future dispositive motion briefing in the Putative Class Action.  A stay in this case until it is consolidated with the Putative Class Action will allow the parties to submit one set of briefs on the dispositive legal issues in this case.  Accordingly, a stay is justified here because it would "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

## IV.   CONCLUSION

Based on the foregoing, Fannie Mae and FHFA respectfully request that the Court stay discovery pending the resolution of the Motion for Consolidation.

DATED this 21st day of October, 2015.

| WRIGHT, FINLAY & ZAK, LLP | FENNEMORE CRAIG, P.C. |
|---|---|
| By:   /s/ Chelsea Crowton<br>Dana Jonathon Nitz, Esq. (SBN 00050)<br>Chelsea Crowton (SBN 11547)<br>5532 South Fort Apache Rd., Suite 110<br>Las Vegas, NV  89148<br>Tel: 702-475-7964  Fax 702-946-1345<br>dnitz@wrightlegal.net<br>ccrowton@wrightlegal.net<br><br>*Attorney for Defendant/Counterclaimant Federal National Mortgage Association* | By:   /s/ Leslie Bryan Hart<br>Leslie Bryan Hart, Esq. (SBN 4932)<br>John D. Tennert, Esq. (SBN 11728)<br>300 E. Second St., Suite 1510<br>Reno, Nevada 89501<br>Tel: 775-788-2228   Fax: 775-788-2229<br>lhart@fclaw.com; jtennert@fclaw.com<br><br>*Attorneys for Intervenor Federal Housing Financing Agency* |

**ORDER**

IT IS SO ORDERED.

_____
United States Magistrate Judge

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10967352.1

6

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 21st day of October, 2015, a true and correct copy of the **FEDERAL NATIONAL MORTGAGE ASSOCIATION AND FEDERAL HOUSING FINANCE AGENCY'S MOTION TO STAY DISCOVERY,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Darren T Brenner darren.brenner@akerman.com

Patrick W Kang pkang@acelawgroup.com

Huong X Lam huong@alessikoenig.com

Erica D Loyd eloyd@acelawgroup.com

Bradley D Bace brad@alessikoenig.com

Irma Mendez centuryhomes90@gmail.com

        /s/ Pamela Carmon
        Pamela Carmon

10967352.1

7