1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABSOLUTE BUSINESS SOLUTIONS, INC., | Case No. 2:15-CV-1325 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, et al., | |
| Defendant(s). | |

13

14

15

Presently before the court is *pro se* defendant Irma Mendez' motion for preliminary injunction. (ECF No. # 27). Plaintiff Absolute Business Solutions, Inc. ("ABS") filed a response, (ECF No. # 34) and defendant filed a reply. (ECF No. # 39).

16 **I.     Background**

17

18

19

20

21

22

Plaintiff ABS initiated this suit in state court after it acquired a residential property formerly owned by defendant Mendez. (ECF No. # 34 at 1–2). The Fiesta Del Norte Homeowners Association (the "HOA") non-judicially foreclosed on the property under Nevada Revised Statute ("NRS") Chapter 116 after Ms. Mendez fell delinquent in her monthly dues. (*Id.*) ABS purchased the property at the foreclosure sale on February 26, 2014. (*Id.*) Thereafter, ABS commenced this action to quiet title against Ms. Mendez and others. Defendant Federal National Mortgage Association ("Fannie Mae") then removed the case to this court. (*Id.*)

23

24

25

26

27

28

Ms. Mendez now moves for a preliminary injunction against plaintiff ABS and non-party Joel Stokes, who allegedly currently holds title to the subject property, enjoining them from distributing any cash they collect from the property's current tenant. (ECF No. # 27 at 15). Arguing generally that the foreclosure sale was not valid, making her the rightful owner of the property, she asks that the court order ABS and Stokes to instead deposit any such funds into an escrow account. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

## II.      Legal Standard

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008). To obtain a preliminary injunction, the moving party must "demonstrate that [its] remedy at law [is] inadequate."   *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994).

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding scale test.  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011).  "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131.  "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.* at 1135.

## III.      Discussion

The court will discuss each *Winter* factor in turn. First, with respect to the specific relief requested, the court finds a low likelihood of success on the merits. Mendez, a defendant, has not filed a counterclaim in this matter.[1] Plaintiff ABS' complaint does allege a quiet title claim, however, which involves an adjudication of Mendez' rights in the property at issue.

She argues that the promissory note she executed in connection with the loan she used to purchase the property was owned by defendant Fannie Mae. She asserts accurately that this court and other courts in this district have invalidated similar HOA foreclosure sales at which Fannie Mae owned the promissory note at the time of the sale, quieting title in the name of the borrower of record. *See, e.g. 1597 Ashfield Valley Trust v. Fed. Nat'l Mort. Ass'n*, No. 2-14-cv-02123-JCM-GWF, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). She thus argues her likelihood of success on the merits is high.

---

[1] Plaintiff filed her answer to the complaint in state court. (*See* ECF No. # 3-2 at 73–75). Defendant Federal National Mortgage Association attached the answer as an exhibit to its petition for removal, however. (*Id.*) The answer contains no counterclaim. (*Id.*)

James C. Mahan
U.S. District Judge

- 2 -

Mendez, however, requests relief which would require her success on more than just plaintiff's quiet title claim. Specifically, Mendez requests than any rents collected by ABS or Mr. Stokes be held in escrow pending the outcome of this case. In order for Mendez to recover from ABS or any individual on rents collected during their occupancy of her former property, Mendez would need to prove some theory of legal liability for those amounts. A quiet title claim offers only equitable relief.

Mendez has not made any claim for legal relief upon which she can recover damages for rents collected by other individuals. Accordingly, there are no grounds on which the court can grant such preliminary relief, regardless of her success with respect to plaintiff's quiet title claim. With respect to the relief she requests in the present motion, her likelihood of success is therefore low.

Next, the court finds that the likelihood of immediate injury is similarly low. Mendez has not alleged any counterclaim that would entitle her to the relief she requests. Moreover, assuming *arguendo* that she is entitled to such relief, she has failed to show that monetary damages would be inadequate to compensate her for any such injury.

She argues that ABS, which is involved in many cases of litigation similar to this, will be bankrupted by the outcome of that litigation. She offers no evidence to support that contention. She has thus failed to demonstrate that—if any injury exists at all—her remedy at law is inadequate. *See Stanley*, 13 F.3d at 1320 (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959)). Inadequacy of legal remedies is the very basis for offering injunctive relief. *See id.* Here, plaintiff has demonstrated no such inadequacy.

Third, the court finds that the balance of hardships weights in favor of ABS and Joel Stokes. Although Fannie Mae's interest in the property was extinguished pursuant to the foreclosure sale, Ms. Mendez is still liable for the loan payments due under the promissory note she executed. Because she has no current possessory interest in the property, whether or not foreclosure was proper, she argues that she cannot rent the property to generate income for making her loan payments.

Mendez, has failed, however, to show that ABS and Mr. Stokes are not bona fide purchasers for value with respect to the property. "The decisions are uniform that the bona fide purchaser of a legal title is not affected by any latent equity founded either on a trust, [e]ncumbrance, or otherwise, of which he has no notice, actual or constructive." *Moore v. De*

James C. Mahan
U.S. District Judge

- 3 -

*Bernardi*, 47 Nev. 304, 308 (Nev. 1923). Requiring such purchasers to escrow what may be rightfully collected rents would be an undue burden without some demonstration that their status as bona fide purchasers is in dispute. The court finds this particularly true when those purchasers currently hold colorable title to the property.

Finally, advancement of the public interest weighs in favor of denying the motion. The federal and state courts in this district have been swamped with an onslaught of cases related to HOA foreclosures. The rights of many parties are tied up in each example of litigation similar to this matter. The various parties' interests are nearly impossible to disentangle at the early stages of the litigation. Granting preliminary relief in favor of one party at the expense of another may lead to injustice, confusion, and inconsistency. Absent extraordinary circumstances, which do not present themselves here, the public interest favors preservation of the status quo pending resolution of the claims.

**IV.    Conclusion**

Having considered the *Winter* factors and concluding that each factor weighs against Ms. Mendez, the court finds that she is not entitled to preliminary relief. *See Winter,* 129 S. Ct. at 374–76. Her motion will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Irma Mendez' motion for preliminary injunction (ECF No. # 27) be, and the same hereby is, DENIED.

DATED May 11, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -