UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ABSOLUTE BUSINESS SOLUTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al., <br><br> Defendants. | 2:15-cv-01325-RJC-NJK <br><br> **ORDER** |

This case arises from a homeowners association foreclosure sale. Now pending before the Court is Defendant Fannie Mae's Motion to Compel Plaintiff-in-Intervention Alessi & Koenig to deposit HOA sale proceeds with the Court. (ECF No. 61.) For the reasons given herein, the Court denies the motion.

**I.  FACTS AND PROCEDURAL BACKGROUND**

In 2005, Irma Mendez ("Plaintiff") purchased real property at 3416 Casa Alto Ave., North Las Vegas, Nevada, 89031 (the "Property") for $315,000, giving the lender a promissory note for $252,792 and a deed of trust against the Property securing the note. When Mendez became delinquent on her monthly assessment fees, Alessi & Koenig ("Alessi") conducted a foreclosure sale on behalf of Fiesta Del Norte Homeowners Association (the "HOA"). At the HOA sale, the Property was sold to Plaintiff Absolute Business Solutions, Inc. ("ABS") for $20,600.

Following the HOA sale, on March 17, 2014, ABS brought this action to quiet title in the Eighth Judicial District Court of Clark County, Nevada. (*See* Compl., ECF No. 3-2 at 2–7.) On October 2, 2014, Alessi filed a complaint in interpleader in intervention, acknowledging that multiple persons have a claim to the HOA sale proceeds and asking the district court to determine who is entitled to the proceeds. (*See* Compl. in Interpleader, ECF No. 3-3 at 9–17.) In its complaint in interpleader, Alessi stated that it would "deposit excess proceeds with [the] court in the sum of $9,645.03, representing the total proceeds at sale [of] $20,600.00, minus [the] amount due to Fiesta Del Norte HOA of $4,954.97; and fees and costs of this interpleader action of $6,000.00." (*Id.* at ¶ 27.)

On May 29, 2015, Federal National Mortgage Association ("Fannie Mae") intervened in the action as a defendant, "due to Fannie Mae being the current beneficiary on the underlying Deed of Trust." (Stipulation and Order, 3-12 at 89–92.) Then, on July 13, 2015, Fannie Mae removed the action to this Court under 28 U.S.C. § 1331, based on the fact that "Fannie Mae's corporate charter confers federal question jurisdiction over claims brought against Fannie Mae." (Pet. Removal 2, ECF No. 1.) *See Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681, 682 (9th Cir. 2014).

Fannie Mae now seeks an order compelling Alessi to deposit $20,600 in the registry of the Court, representing the full amount paid for the Property at the HOA sale. (Motion 5–6, ECF No. 61.) To date, contrary to Alessi's stated intention of depositing $9,645.03 in "excess proceeds," it appears that no such deposit has been made, in state or federal court. Fannie Mae argues that Alessi, having filed a complaint in interpleader, is required to make the promised deposit. Fannie Mae further contends that a deposit of less than the full HOA sale amount would be insufficient, because the entire $20,600 is in dispute in this case. Alessi has not responded to Fannie Mae's motion, and the time for response has passed.

## II. LEGAL STANDARDS

"The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'" *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). There are two avenues for an interpleader action in federal court: "rule interpleader" under Federal Rule of Civil Procedure 22, and "statutory interpleader" under 28 U.S.C. § 1335. *See Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 507 n. 3 (9th Cir. 1978).

Rule 22 interpleader is permissible where a plaintiff-stakeholder may be exposed to double or multiple liability due to the existence of multiple claimants, and is available even where the defendants' claims "lack a common origin or are adverse and independent rather than identical," and where the plaintiff "denies liability in whole or in part to any or all of the claimants." Fed. R. Civ. P. 22(a). Rule 22 interpleader is "merely a procedural device," and does not grant a plaintiff an independent basis for federal subject matter jurisdiction. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382 (9th Cir. 1988). Therefore, "for the interpleader to be proper under [Rule 22] it must be within some statutory grant of jurisdiction." *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982). Deposit of the disputed funds is not a requirement for Rule 22 interpleader. *See id.* at 81–82.

Statutory interpleader under Section 1335 requires diversity between the adverse claimants, and that the plaintiff in interpleader deposit the disputed funds into the registry of the Court. 28 U.S.C. § 1335(a). In contrast to Rule 22 interpleader, satisfying the requirements of statutory interpleader will confer the federal courts with subject matter jurisdiction over the action. *Gelfgren*, 680 F.2d at 81.

/ / /

/ / /

### III. ANALYSIS

Whether Alessi, as plaintiff in interpleader, is required to deposit the disputed funds in the Court's registry depends on whether Rule 22 or Section 1335 applies to its interpleader action. In reality, when Alessi filed its complaint, neither Rule 22 nor Section 1335 was invoked. This action was in state court at the time, and thus Alessi filed its complaint in interpleader pursuant to Nevada Rule of Civil Procedure 22. NRCP 22 does not require a plaintiff to deposit the disputed funds with the court. *See Golightly & Vannah, PLLC v. TJ Allen, LLC*, 132 Nev. Adv. Op. 41, 373 P.3d 103, 106 (2016). Nevertheless, state court rules of procedure cease to govern a case at the time of removal, and the Court must determine whether deposit of the disputed funds is now required under any federal rule or statute. *See* Fed. R. Civ. P. 81(c); *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 145 (9th Cir. 1975); *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953) (stating that after a defendant removes a case to federal court, it is "subject to the same rules of procedure as if it had been originally sued in that court").

The Court construes Alessi's interpleader action as governed by Rule 22, and not Section 1335. When Alessi filed its complaint in intervention, it used interpleader as merely a procedural device, not as a basis for invoking federal court jurisdiction (which is the very purpose of an interpleader action under Section 1335). Here, an independent basis exists for federal jurisdiction, namely, Defendant Fannie Mae's federal corporate charter. Because Alessi's interpleader action is unrelated to the Court's jurisdiction over this case, Rule 22 is a better fit. Accordingly, the Court finds there is no basis in the federal rules or statutes—and surely Fannie Mae has cited none—to compel Alessi to deposit the disputed funds in the registry of the Court.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Compel Deposit (ECF No. 61) is DENIED.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
Dated:  January 4, 2017.