# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ABSOLUTE BUSINESS SOLUTIONS, INC.,

Plaintiff,

vs.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al.,

Defendants.

2:15-cv-01325-RCJ-NJK

**ORDER**

This case arises out of a homeowners association foreclosure sale. Now pending before the Court is a Motion to for Summary Judgment. (ECF No. 65.) For the reasons given herein, the Court grants the motion.

## I. FACTS AND PROCEDURAL HISTORY

In 2005, Irma Mendez ("Plaintiff") purchased real property at 3416 Casa Alto Ave., North Las Vegas, Nevada, 89031 (the "Property") for $315,000, giving the lender a promissory note for $252,792 and a Deed of Trust ("DOT") against the Property securing the note. When Mendez became delinquent on her monthly assessment fees, Alessi & Koenig ("Alessi") conducted a trustee's sale to Absolute Business Solutions, Inc. ("ABS"), on behalf of Fiesta Del Norte Homeowners Association (the "HOA").

The HOA sale has given rise to three lawsuits now pending before this Court: *Mendez v. Fiesta Del Norte Homeowners Ass'n*, 2:15-cv-00314 (filed Feb. 23, 2015) ("the '314 Case");

*Absolute Bus. Sols., Inc. v. Mortg. Elec. Registration Sys., Inc.*, 2:15-cv-01325 (filed July 13, 2015) ("the '1325 Case"); and the instant case, *Mendez v. Wright, Findlay and Zak LLP*, 2:15-cv-01077 (filed May 13, 2016) ("the '1077 Case"). The procedural background of these cases was detailed in the Court's August 3, 2016 Order deciding several motions in this case, (ECF No. 57), and need not be fully reproduced here.

In brief, this case involves claims brought by Absolute Business Solutions, Inc. ("ABS") for quiet title, preliminary injunctive relief, and a declaratory judgment that ABS is the rightful holder of title to the Property free of all other liens and encumbrances. When Federal National Mortgage Association ("Fannie Mae"), and the Federal Housing Finance Agency ("FHFA") intervened as defendants, they filed quiet title and declaratory judgment counterclaims against ABS. (ECF Nos. 9, 18.) Fannie Mae also asserted a claim for unjust enrichment. (ECF No. 9.)

Now, Fannie Mae and FHFA move for summary judgment based on the Ninth Circuit's opinion in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), which established that the "opt-in notice scheme" of NRS 116.3116[1] is facially unconstitutional because it violates the procedural due process rights of mortgage lenders.

## II.  LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A

---

1 Unless otherwise noted, all references to "NRS 116.3116" are inclusive of NRS 116.3116 through 116.31168. Also, the Nevada Legislature amended the statute in October 2015. Accordingly, unless otherwise noted, all references to the statute are to the pre-amendment version.

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and

allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the non-moving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## III. ANALYSIS

### a. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that the "opt-in notice scheme" of NRS 116.3116—included in the statute until its amendment in October 2015—was facially unconstitutional because it violated the procedural due process rights of mortgage lenders. In its ruling, the Court of Appeals found the state action requirement of the petitioner's Fourteenth Amendment challenge was met, because "where the mortgage lender and the homeowners' association had no preexisting relationship, the Nevada Legislature's enactment of the Statute is a 'state action.'" *Bourne Valley*, 832 F.3d at 1160. In other words, because a mortgage lender and HOA generally have no contractual relationship, it is only by virtue of NRS 116.3116 that the mortgage lender's interest is "degraded" by the HOA's right to foreclose its lien. *Id.* Accordingly, by enacting the statute, the Legislature acted to adversely affect the property

interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159 (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983)). The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.* at 1159.

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS 116.3116 would pass constitutional muster. *See United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *see also William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment); *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 789 (9th Cir. 2014) (applying *Salerno* to facial substantive due process challenge under the Fifth and Fourteenth Amendments). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Id.* To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See William Jefferson & Co.*, 695 F.3d at 963 ("If William Jefferson's as-applied challenge fails, then William Jefferson's facial challenge necessarily fails as well because there is at least one set of circumstances where application of § 31000.7 does not violate a taxpayer's procedural due process rights."); *United States v.*

*Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS 116.3116, which it pinpointed in NRS 116.31163(2). *Bourne Valley*, 832 F.3d at 1158; *see also Bank of Am., N.A. v. SFR Investments Pool 1 LLC*, No. 2:15-cv-691, 2017 WL 1043286, at *9 (D. Nev. Mar. 17, 2017) (Mahan, J.) ("The facially unconstitutional provision, as identified in *Bourne Valley*, is present in NRS 116.31163(2)."). In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

Accordingly, the HOA foreclosed under a facially unconstitutional notice scheme, and thus the HOA foreclosure cannot have extinguished the DOT. Therefore, the Court must quiet title as a matter of law in favor of Fannie Mae as assignee of the DOT. (Assignment, ECF No. 65-1 at 33–34.)

/ / /

/ / /

### b. Fannie Mae's Remaining Claim of Unjust Enrichment

Based on Fannie Mae's representation that it will dismiss its unjust enrichment claim with prejudice if the instant motion is successful, (Mot. Summ. J. 6–7, ECF No. 65), the Court dismisses that claim as moot.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 65) is GRANTED.

The Clerk of the Court shall enter judgment in favor of Fannie Mae and close the case.

IT IS SO ORDERED.

DATED: This 23rd day of May, 2017.

_____
ROBERT C. JONES
United States District Judge